IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

**APPLICATION AND AFFIDAVIT FOR ARREST WARRANT**

I, Kimberly E. Dallas, United States Postal Inspector, do hereby swear and affirm the following facts as being true to the best of my knowledge, information, and belief:

1. I am a United States Postal Inspector, assigned to investigate the unlawful transportation of contraband, including Title 21 controlled substances, through the United States Mail. I have been a Postal Inspector since August 2010. As part of my duties, I investigate incidents where the United States mail system is used for the purpose of transporting non-mailable matter, including controlled substances in violation of Title 21, United States Code, Sections 841(a)(1), Possession with Intent to Distribute a Controlled Substance; 843(b), Use of a Communication Facility to Facilitate the Commission of a Federal Drug Felony; 846, Attempt and Conspiracy to Commit a Controlled Substances Offense; and Title 18, United States Code, Section 1716, Injurious Articles Nonmailable (Nonmailable Matter).

   a. I am currently assigned to the Seattle Division, specifically to the Anchorage Domicile, which is responsible for the investigating of controlled substance law violations involving the United States Mails.

   b. I attended and graduated from a three-month Basic Inspector Training (BIT) academy operated by the United States Postal

Inspection Service (USPIS). While attending BIT academy, I received training and instruction on the methods for concealing narcotics in the mail system. In an extension of BIT training, and subsequent to graduation from BIT academy, I received several months of additional training and instruction under the tutelage and supervision of senior Postal Inspectors.

c. In September 2011, I attended a one week training course presented by the United States Postal Inspection Service addressing the current trends in controlled substance mailings. Part of my training as a Postal Inspector included controlled substance investigative techniques, chemical field testing, and the training in the identification and detection of controlled substances and proceeds from the sale of controlled substances being transported in the US Mail.

d. During my tenure as a Postal Inspector, I have conducted and/or participated in numerous investigations relating to the mailing of controlled-substances. I have conducted and/or participated in investigations which have resulted in the seizure of marijuana, marijuana grow operations, hashish, cocaine hydrochloride, cocaine base (crack), opium, PCP, heroin, ketamine, methylenedioxymethamphetamine (MDMA/ecstasy), methamphetamine, methamphetamine laboratories, prescription medications, firearms, pagers, cellular telephones, surveillance

systems, cameras, memory cards, computers, documents, money, and precious metals. I have also conducted numerous interviews of people involved in the use, possession, manufacture, and trafficking of controlled-substances, adding to my knowledge of the illegal drug culture in the Anchorage area. In addition to my formal training and experience, I have gained knowledge and insight by working and speaking with many experienced law enforcement agents from local, state, and federal agencies, and I consider this knowledge and insight to be an integral part of my experience and training.

e. I received a bachelor's degree from Southern Connecticut State University in May of 2006. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

2. I am submitting this Affidavit in support of a Complaint and Arrest Warrant for James GWANTLEY (GWALTNEY) and Baretta FAATAFUGA (FAATAFUGA) for the offense of attempted possession with intent to distribute controlled substances, a violation of 21 U.S.C. Sections 846, 841(a)(1) and (b)(1)(C). Because this Affidavit is submitted for the limited purpose of establishing probable cause in support of the complaint and application for an arrest warrant, it does not set forth each and every fact that I or others have learned during the course of this

3

investigation.

## RELEVANT FACTS

3. On October 22, 2013, Express Mail parcel EG 906076523 US (hereinafter referred to as the subject parcel), was identified by a Postal Inspector due to the characteristics used by traffickers of narcotics, addressed to "Michelle Thompson, 1281 N. Pepper St., Unit F, Houston, AK 99688", from "Julie Chen, 1145 Chianti Ln., Manteca, CA 95337."

4. On October 23, 2013, at approximately 10:38 AM, federal search warrant 03-13-MJ-00308-JDR was applied for and granted by a United States Magistrate Judge for Express Mail parcel EG 906076523 US.

5. On October 23, 2013, at approximately 10:54 AM Federal search warrant 03-13-MJ-00308-JDR was executed on Express Mail Parcel EG 906076523 US. The subject parcel contained a "Sentry Safe." Inside the safe was approximately 3 pounds 9 ounces of a hard brown substance placed inside two separate zip lock bags, food saver bags, black tape, and grey/silver ducking tape. A NIK field test was performed on the hard brown substance resulting in a positive reaction for heroin.

6. On October 23, 2013, Federal order 03:13-MJ-00309-JDR authorizing the installation and monitoring of an electronic alerting device and tracking device was obtained from a United States Magistrate Judge, Anchorage, AK for the subject parcel. The order authorized the placement of an electronic tracking device and monitoring device in the subject parcel and further authorized law enforcement to retrieve the parcel on either public

4

or private property in the event that certain conditions were satisfied. One of the conditions was that the device went into alert mode indicating that the parcel had been opened.

7. Law enforcement officers removed the original heroin and inserted a sham product into the parcel. There was no representative sample of the controlled substances placed in the package. At approximately 5:00 PM on October 23, 2013, Postal Inspector Aaron Behnen, acting as an undercover Postal carrier, delivered the parcel to 1281 N. Pepper St., Unit F, Houston, AK 99688. A woman accepted the subject parcel, herein referred to as K.E.

8. At approximately 6:15 PM, a silver Dodge 4 X 4 truck with an Extended cab, with Alaska license plate GER-565, arrived to 1281 N. Pepper St., Unit F, Houston, AK 99688, and left with the subject parcel. Law enforcement officers observed two males in the truck as it departed the residence. Officers subsequently identified the two males in the vehicle as Baretta FAATAFUGA and James GWALTNEY.

9. At approximately 6:36 PM, the truck arrived at 941 Rainbow Park Drive, Wasilla, AK. Law enforcement officers observed a male leaving the truck with the parcel.

10. At approximately 6:45 PM, law enforcement officers identified that the electronic monitoring device had changed tone, indicating that the subject parcel had been opened.

11. At approximately 6:50 PM, officers knocked on the door of the residence

5

and made contact with a minor who answered the door at 941 Rainbow Park Drive. The minor, who indicated that she was 13 years old, informed officers her father, FAATAFUGA, owned the silver Dodge 4 X 4 truck with an Extended cab, with Alaska license plate GER-565, and had just left. Registration records confirm that FAATAFUGA is the registered owner of the truck. The minor also informed law enforcement officers that she knew her father was involved with drugs. She then invited officers into the home and showed them what she identified as her father's bedroom. From the threshold to the room, officers observed, in plain view, what they knew to be drug related paraphernalia.

12. At that point, officers made a cursory search of the house for other people as well as the package containing the electronic tracking and monitoring devices. When asked if there was anyone else in the residence, the minor told law enforcement officers that "James" stayed in both the tent behind the house and the motor home next to the house.

13. At approximately 6:52 PM, other law enforcement officers conducted a traffic stop on the silver Dodge 4 X 4 truck with an Extended cab, with Alaska license plate GER-565. FAATAFUGA was driving the vehicle and was the sole occupant at the time that he was taken into custody. FAATAFUGA consented to a search of the vehicle. During the search, officers discovered paraphernalia indicative of methamphetamine use.

14. Meanwhile, law enforcement officers at 941 Rainbow Park Drive also made entry into the white tent located directly behind the residence and

into the motor home located to the right of the residence in an effort to retrieve the subject parcel containing the electronic alerting and tracking devices and for the purpose of conducting a safety sweep. In the tent, law enforcement officers saw, in plain view, what they believed, based on their training and experience, to be a baggie of methamphetamine.

15. In the motor home, law enforcement officers contacted a male identified as James GWALTNEY and took him into custody. Law enforcement officers also identified, in plain view, in the motor home, a similar baggie of methamphetamine as the one observed in the tent, and a "Crown Royal" bag with bulk cash visible in it.

16. The minor also told officers that her father, FAATAFUGA, and James were involved in burning something in a fire that was continuing to burn in the front yard of the residence. Officers investigated the fire and found the safe that had been in the subject parcel. Approximately one hour later, they were also able to identify the GPS tracking device in the remains of the fire.

17. The sham narcotics of the subject parcel had been covered in "Clue Spray." When an individual touches an object with "Clue Spray" on it, the individual's hands or any other object that came in contact with the "Clue Spray" will glow when placed under a black light. Agents did observe a glow consistent with "Clue Spray" on FAATAFUGA's hands when they were subjected to a black light.

18. Agents **DID NOT** observe a glow consistence with "Clue Spray" on

7

GWALTNEY's hands when they were subjected to a black light. Law enforcement officers advised that GWALTNEY's hands were very dirty with grease and grime. Based on my training and experience and conversations with other law enforcement officers, "Clue Spray" residue will not remain or stay on a surface if it is too dirty or greasy.

19. Law Enforcement Officers interviewed the woman who received the subject parcel, K.E. K.E. stated the parcel was for "James G" and he has asked her to receive it for him. She stated when she received the parcel, she contacted James and he came and got it.

20. On October 24, 2013, at approximately 12:05 AM, Postal Inspectors applied for and obtained Federal Search Warrant 03:13-MJ-00312-JDR for 941 Rainbow Park Drive, Wasilla, AK. Upon execution of the warrant, law enforcement officers recovered one shotgun and one pistol from a bedroom inside the residence. Also from the residence, officers recovered a .45 caliber magazine containing 10 rounds of ammunition, various items of drug paraphernalia, and multiple laptop computers.

21. During the search of the tent, officers recovered a baggie of a substance that field tested positive for methamphetamine as well as additional baggies, laptop computers, a tablet, and a cell phone.

22. Finally, during the search of the motorhome, officers recovered a Crown Royal bag containing approximately $5,000 in U.S. currency, an additional cell phone, and various items of drug paraphernalia.

23. Both James GWANTLEY and Baretta FAATAFUGA have prior felony

convictions.

24. Based upon my training and experience and from consultation with other law enforcement officers involved in narcotics investigations in the State of Alaska, I know that heroin possessed for personal use is typically possessed in amounts much smaller than the quantity of narcotics contained in the subject parcel. The quantity of heroin in the subject parcel is consistent with a quantity possessed for the purpose of distribution to others.

25. Based on my training and experience as a Postal Inspector and the aforementioned factors, your affiant believes that James GWANTLEY and Baretta FAATAFUGA did knowingly and intentionally attempt to possess a controlled substance with the intent to distribute it, in violation of Title 21 United States Code Sections 846, 841(a)(1) and (b)(1)(B), which prohibits the attempted possession with the intent to distribute a mixture and substance containing a detectable amount of heroin.

FURTHER AFFIANT SAYETH NAUGHT.

/s/ Signature Redacted

Kimberly E. Dallas
Postal Inspector

Subscribed and sworn to before me, this 23rd day of October 2013.

/s/John D. Roberts, USMJ
Signature Redacted
U.S. MAGISTRATE JUDGE

9